IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CR-57-1H
No. 7:16-CV-364-H

| | |
|---|---|
| STEVEN EDWARD ROSS, Petitioner, v. UNITED STATES OF AMERICA, Respondent. | ORDER |

This matter is before the court on petitioner's motion to vacate under 28 U.S.C. § 2255. [DE #62]. The government has moved to dismiss. [DE #66]. A Rule 12 Letter was issued on December 27, 2016. [DE #68]. On October 6, 2017, petitioner filed a letter requesting the appointment of counsel and alleging additional ineffective assistance of counsel claims which this court construes as a response. [DE #69]. Nothing further has been filed by either party. This matter is ripe for adjudication.

### BACKGROUND

On November 12, 2013, petitioner pled guilty, pursuant to a written memorandum of plea agreement, to using and carrying a firearm during a federal drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Two). [DE #27 and #49]. On June 10, 2014, the court sentenced petitioner to a total term of imprisonment of 120 months. [DE #49]. Petitioner appealed and

the Fourth Circuit Court of Appeals affirmed on March 12, 2015. [DE #59 and #60]. The mandate issued on April 3, 2015. [DE #61]. On October 24, 2016, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, [DE #62], arguing that counsel rendered ineffective assistance by failing to file a motion to suppress, [DE #62], and arguing that counsel had rendered ineffective assistance regarding the entry of his plea; his guidelines; and his appeal. [DE #69].

## COURT'S DISCUSSION

Title 28 U.S.C. § 2255 imposes a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f).

The mandate dismissing petitioner's appeal issued on April 3, 2015. Petitioner did not petition for certiorari, and therefore his judgment became final when the 90 day period for filing a petition for certiorari expired. See Clay v. United States, 537 U.S. 522, 528-29 (2003) (discussing when a judgment becomes final). Petitioner's § 2255 motion was not filed until October 24, 2016, more than one year after his judgment became final, pursuant to § 2255(f)(1). Thus, petitioner's motion to vacate is untimely and therefore must be DISMISSED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #66], is GRANTED. Petitioner's motion to vacate, [DE #62], is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d

3

676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 7th day of January 2019.

 Malcolm J. Howard
 Senior United States District Judge

At Greenville, NC
#35

4