IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CR-57-1H
No. 7:16-CV-364-H

STEPHEN EDWARD ROSS,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on petitioner's motion for relief pursuant to Fed. R. Civ. P. 60(b) [DE #74]. The government has not responded, and the time for filing has expired. This matter is ripe for adjudication.

## BACKGROUND

On November 12, 2013, petitioner pled guilty, pursuant to a written memorandum of plea agreement, to using, carrying, and discharging a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Two). On June 10, 2014, the court sentenced petitioner to a total term of imprisonment of 120 months. [DE #49]. Petitioner appealed, and the Fourth Circuit Court of Appeals affirmed on March 12, 2015. [DE #59 and #60]. Petitioner filed a petition for writ of certiorari which was denied by the Supreme Court of the United States on January 11, 2016. [DE #62 at 2]; Ross v. United States,

Case No. 14-4509 ECF #39, (4th Cir.), cert. denied, No. 15-181 (Jan. 11, 2016).

On October 24, 2016, petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255, [DE #62], arguing that counsel rendered ineffective assistance by failing to file a motion to suppress, [DE #62], and that counsel had rendered ineffective assistance regarding the entry of his plea, his guidelines, and his appeal. [DE #69]. On January 7, 2019, this court dismissed petitioner's § 2255 as untimely. Petitioner did not appeal this dismissal. On June 27, 2019, petitioner filed the instant motion pursuant to Fed. R. Civ. P. 60(b).

## **COURT'S DISCUSSION**

Federal Rule of Civil Procedure 60(b) is an extraordinary remedy that permits a court to "relieve a party … from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (citing Ackermann v. United States, 340 U.S. 193, 202 (1950)). To do so, a party must demonstrate "exceptional circumstances" warrant granting the relief. Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). Additionally, the party seeking relief under Rule 60(b) "must make a threshold showing of timeliness, 'a meritorious claim or defense,' and lack of unfair prejudice to the opposing party."

2

<u>Coleman v. Jabe</u>, 633 F. App'x 119, 120 (4th Cir. 2016) (quoting <u>Aikens v. Ingram</u>, 652 F.3d 496, 501 (4th Cir. 2011)). After a party satisfies this threshold showing, "he must proceed to satisfy one or more of the rule's six grounds for relief from judgment." <u>Werner</u>, 731 F.2d at 207. The six specific sections of Rule 60(b) are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

Petitioner claims that Rule 60(b) provides him with relief from the court's dismissal of his Section 2255 Motion. Petitioner timely filed his Rule 60(b) motion on June 27, 2019, within one year of the judgment at issue entered on January 7, 2019. Fed. R. Civ. P. 60(c). He has made a meritorious claim that his § 2255 motion was indeed timely pursuant to 28 U.S.C. § 2255(f)(1) as he filed within one year of the denial of his petition for a writ of certiorari. However, the court notes the filing of the petition for writ of certiorari and the denial of the petition were not entered on the docket at the time of the § 2255 order. The government moved to dismiss the § 2255 as untimely, and the court dismissed

3

petitioner's § 2255 motion for untimeliness. There is no unfair prejudice to the government as to the relieving of the petitioner from this judgment that was dismissed as untimely.

However, as Rule 60(b) should be afforded relief only in "extraordinary circumstances," petitioner has not shown such circumstances in this case. Dowell, 993 F.2d at 48 (quoting Werner, 731 F.2d at 207). Petitioner did not file an appeal of the § 2255 and therefore has not shown extraordinary circumstances. "In cases where the petitioner freely chooses not to appeal the district court's original judgment, this court has consistently held that the petitioner had not demonstrated extraordinary circumstances." Aikens v. Ingram, 652 F.3d 496, 502 (4th Cir. 2011) (citing Dowell, 993 F.2d at 48; In re Burnly, 988 F.2d 1, 3 (4th Cir. 1992); and cf. Hall v. Warden, 364 F.2d 495, 496 (4th Cir. 1966)).

Therefore, as petitioner has not shown "extraordinary circumstances," his motion for relief, [DE #74], is hereby DENIED[1].

This 12th day of January 2021.

_____
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#35

---

[1] Additionally, even if the court were to relieve petitioner from the judgment of the § 2255 and consider the merits of this filing, plaintiff has not alleged a plausible claim of ineffective assistance of counsel.

4